**Affirmed and Memorandum Opinion filed August 2, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00698-CR

### OMAR JAVIER TORRES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1231154**

## M E M O R A N D U M   O P I N I O N

Appellant Omar Javier Torres appeals after a jury convicted him of capital murder. *See* Tex. Penal Code Ann. § 19.03. The trial court assessed an automatic punishment of life imprisonment. In two issues appellant contends the evidence is insufficient to support his conviction and the trial court erred in failing to submit a charge to the jury on the lesser-included offense of murder. We affirm.

## Background

Sarah Piedrasanta and her son were eating dinner when Piedrasanta saw a reflection in the glass of a man coming inside her house. Piedrasanta's son said, "Oh, damn, it's Omar." The man identified as appellant was wearing a dark-colored jacket with a hood and a ski mask. Despite his attempts to disguise himself, Piedrasanta and her son immediately recognized appellant. Appellant, Piedrasanta's former boyfriend, asked Piedrasanta and her son if Jose, the complainant, was Piedrasanta's current boyfriend. Appellant then shot toward Jose and Piedrasanta, as Piedrasanta ran out of the kitchen. Appellant shot and killed Jose, but the shot aimed toward Piedrasanta missed and hit the refrigerator. Appellant was charged and convicted of capital murder.

## Sufficiency of the Evidence

In his first issue, appellant contends the evidence was insufficient to support the verdict of capital murder. When reviewing the sufficiency of evidence, we view all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). We may not sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *Jefferson v. State*, 346 S.W.3d 254, 256 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

A person commits the offense of capital murder if he intentionally commits a murder "in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat." Tex. Pen. Code Ann. § 19.03(a)(2). A person commits the offense of murder if he intentionally or knowingly causes the death of an individual. *Id*. § 19.02(b)(1). A person commits the offense of burglary if he "without the effective consent of the owner . . . enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." *Id*. § 30.02(a)(3).

Appellant contends the State failed to prove he was the man who entered the house and shot Jose. Appellant points to the fact that the man wore a hooded sweatshirt and ski mask preventing the eyewitnesses from recognizing him. Both eyewitnesses, however, immediately recognized appellant. Piedrasanta had a previous relationship with appellant and testified that she recognized not only his face, but his physique, his voice, and hands. Piedrasanta's son immediately recognized appellant. He testified that he could see his eyes and nose and had known appellant for so long, he immediately recognized him.

Oscar Rendon, an inmate who shared a cell with appellant prior to his conviction, corroborated the testimony of Piedrasanta and her son. Rendon testified that appellant told him he went to his ex-girlfriend's house, and was recognized by "the little boy." Once he was recognized, appellant told Rendon he "pulled the trigger and hit the guy that was sitting down to the left." There was also evidence that appellant, ordinarily a dependable employee, did not report for work the day after the murder, but fled to North Carolina.

Reviewing all of the evidence in the light most favorable to the verdict, we find a reasonable jury could have found that appellant was the man who entered the home and killed the complainant. Appellant's first issue is overruled.

## Lesser-Included Offense

In his second issue, appellant contends the trial court erred in failing to instruct the jury on the lesser-included offense of murder.

We use a two-step analysis to determine whether an appellant is entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007). First, an offense is a lesser-included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less

culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. Tex. Code Crim. Proc. Ann. art. 37.09. We compare the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Hall*, 225 S.W.3d at 535–36.

Second, some evidence must exist in the record that would permit a rational jury to find the defendant is guilty only of the lesser offense, if he is guilty at all. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005). There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of the lesser-included offense. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

Because the State concedes that murder is a lesser-included offense of capital murder, we address only the second prong by examining whether the evidence would allow a rational jury to find, if appellant was guilty, that he was guilty only of murder. *See id*. The indictment asserted that appellant, in the course of committing burglary, intentionally caused the death of the complainant. For appellant to be guilty only of murder, the jury would have to find that he shot the complainant without committing burglary. *See* Tex. Pen. Code Ann. § 19.03(a)(2) (defining capital murder to include murder in the course of committing burglary).

Appellant argues that he had permission to be in Piedrasanta's home; therefore, there is some evidence that he did not burglarize the home in the course of committing murder. Other than appellant's assertion in his brief, there is no evidence that appellant had permission to enter the home. Piedrasanta testified that her door was unlocked, but appellant did not have consent or permission to enter her home. At trial, appellant contended he was not the person who entered the home and shot the complainant. He did not introduce evidence that he was in the home with permission. Thus, there is no evidence in the record from which a rational jury could have convicted appellant only of murder and not of capital murder. The trial court did not err in denying appellant's

4

request to instruct the jury on the lesser-included offense of murder.  Appellant's second issue is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).